### Parminder SINGH, Petitioner,

v.

### John ASHCROFT, Attorney General, Respondent.

No. 03–73309.

Agency No. A75–319–879.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Parminder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and with-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

holding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because: Singh's testimony was inconsistent; his demeanor seemed evasive; and he did not have personal identification or supporting documentation for his claim. *See Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir.2003) (examining demeanor and inconsistencies, and finding substantial evidence to support an adverse credibility finding) (citations omitted); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that significant discrepancies that went to the heart of petitioner's asylum claim supported an adverse credibility determination); *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000) (concluding that there is no error by the IJ requesting documentation where petitioner's credibility is already under question).

Because petitioner failed to establish eligibility for asylum, it follows that petitioner failed to satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

To the extent that Singh contends that he is entitled to relief under the Convention Against Torture, we decline to address this claim because Singh failed to raise the issue before the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir. 1999).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.